# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00075-MR
# (CRIMINAL CASE NO. 1:11-cr-00104-MR-DLH-1)

| | |
|---|---|
| VINCE EDWARD RAY, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]; The Government's Motion to Dismiss, [Doc. 7]; and Petitioner's Motion for Former Counsel to Submit an Affidavit [Doc. 9].

## I.  BACKGROUND

Pro se Petitioner Vince Edward Ray was indicted on December 6, 2011, and charged with four counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug-

trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of an unregistered firearm, in violation of 26 U.S. §§ 5841, 5861(d), and 5871. [Criminal Case No. 1:11-cr-00104-MR-DLH-1: Doc. 1: Indictment]. On February 14, 2014, Petitioner entered into a plea agreement with the Government in which Petitioner agreed to plead guilty to one count of possession with intent to distribute methamphetamine, in exchange for the Government's agreement to dismiss the remaining charges against him. [Id., Doc. 14 at 1: Plea Agreement]. The parties also agreed to recommend to this Court that 91 grams of actual methamphetamine and 2.4 grams of a mixture containing methamphetamine were reasonably foreseeable to Petitioner and that Petitioner's base offense level should be increased by two levels based on his possession of a dangerous weapon. [Id. at 2]. Petitioner waived his right to challenge either his conviction or his sentence on collateral review, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5].

In preparation for Petitioner's sentencing hearing, the probation office submitted a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 31 and a criminal history category of IV, resulting in an advisory sentencing Guidelines range of imprisonment of

between and 151 and 188 months. [Id., Doc. 20: PSR at 21]. The probation officer also noted that Petitioner faced a statutory mandatory minimum term of 120 months in prison. [Id.]. With respect to Petitioner's criminal history calculation, the probation officer assessed nine criminal history points based on Petitioner's prior convictions but reduced that total to six points, noting that a maximum of four points had been added based on prior misdemeanor convictions, consistent with U.S.S.G. § 4A1.1(c). [Id. at 16]. Pertinent to Petitioner's claim of sentencing error, the probation officer assessed two criminal history points under U.S.S.G. § 4A1.1(b) based on Petitioner's prior convictions for misdemeanor unauthorized use of a motor vehicle and misdemeanor failure to appear, offenses for which Petitioner was sentenced on the same day to 45 days in prison as to each offense. [Id. at 15].

Before Petitioner's sentencing hearing, the Government filed a motion for a downward departure under U.S.S.G. § 5K1.1 based on Petitioner's substantial assistance to the Government. [Id., Doc. 25: Gov't Mot. for Downward Departure]. In its motion, the Government recommended a two-level reduction to an advisory Guidelines range of 121 to 151 months, noting that this recommendation was the lowest recommended reduction by the Government. [Id. at 3]. Relevant to Petitioner's claims for relief, the

Government filed its motion under U.S.S.G. § 5K1.1 and did not move for a reduction from the applicable statutory mandatory minimum, as it could have done under 18 U.S.C. § 3553(e). [Id. at 1]. This Court adopted the PSR without change and sentenced Petitioner to 121 months' imprisonment. [Id., Doc. 27: Judgment]. Judgment was entered on May 1, 2013, and Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison system for mailing on March 19, 2014, and it was stamp-filed in this Court on March 24, 2014. In the motion to vacate and supporting memorandum, Petitioner contends that (1) trial counsel provided ineffective assistance of counsel by failing to advocate for a lower sentence for Petitioner; (2) U.S.S.G. § 1B1.10 is not constitutional in general or as applied to Petitioner; and (3) the Court erroneously calculated his criminal history points.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an

evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. In order to show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v.

Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner first asserts that trial counsel provided constitutionally deficient representation by failing to argue in favor of a sentence just below the mandatory minimum, asserting that "[t]he Court could have gone below [the] mandatory minimum at the time of sentencing, because of the fact that [Petitioner] had provided substantial assistance." [Doc. 3 at 8: Mem. Supp. Mot. to Vacate]. Petitioner's claim fails, first, because this Court could not have sentenced Petitioner below the applicable mandatory minimum without a motion pursuant to 18 U.S.C. § 3553(e). The Government's motion for a downward departure, however, was limited to U.S.S.G. § 5K1.1, which grants only the authority to reduce the applicable Sentencing Guidelines range of imprisonment and does not impact the applicability of a statutory mandatory minimum.

Second, assuming the Court had the authority to reduce Petitioner's sentence below the mandatory minimum, Petitioner cannot show that there is a reasonable probability that this Court would have imposed a lower sentence if counsel had argued in favor of a lower sentence. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (holding that when the ineffective assistance claim relates to a sentencing issue, the petitioner must

6

demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error) (quoting Strickland, 466 U.S. at 694)). This Court imposed a sentence that it judged was sufficient, but not greater than necessary, to achieve the sentencing objectives of 18 U.S.C. § 3553(a), and there is no evidence in the record suggesting that this Court would have sentenced Petitioner to a term below 120 months even had Petitioner's counsel vigorously argued in favor of such a sentence. Having shown neither deficient representation nor prejudice, Petitioner's first claim fails.[1]

In his second and third claims, Petitioner contends that U.S.S.G. § 1B1.10 is unconstitutional in general or as applied to Petitioner, and that Petitioner's criminal calculation is incorrect, because one of his state criminal convictions was allocated too many criminal history points. Petitioner's second and third claims are without merit. First, in his plea agreement, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding, except on the bases of ineffective assistance of counsel or prosecutorial misconduct and neither of his remaining claims falls within these categories. Furthermore, the Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he

---

[1] Because the Court is dismissing his ineffective assistance claim, Petitioner's motion seeking the submission of an affidavit from trial counsel shall be denied as moot.

understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding unless it was on the grounds of prosecutorial misconduct or ineffective assistance of counsel, and Petitioner does not argue that his plea was either unknowing or involuntary. [Criminal Case No. 1:11-cr-104-MR-DLH-1: Doc. 15 at 8: Acceptance and Entry of Guilty Plea]. It is well established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner's second and third claims, which are not based on either ineffective assistance of counsel or prosecutorial misconduct, fall within the scope of his post-conviction waiver. Accordingly, these claims must be dismissed.

Finally, as the Government notes, even if Petitioner had not waived the right in his plea agreement to bring his second and third claims, those claims would still be subject to dismissal because they are procedurally defaulted. It is well-established that where a petitioner has failed to raise a claim on direct review, that claim is procedurally defaulted and may only be raised on collateral review if the petitioner can first demonstrate either cause or prejudice, or that he is actually innocent. Bousley v. United

States, 523 U.S. 614, 622 (1998). "Cause" as used in this context requires the petitioner to show that the procedural default "turn[ed] on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). As to his second and third claims, Petitioner has shown neither cause nor prejudice nor actual innocence to excuse the default.

In sum, Petitioner's second and third claims are waived as a result of the post-conviction waiver to which Petitioner agreed as part of his plea agreement with the Government and these claims are, in any event, procedurally defaulted.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court, therefore, will dismiss the motion to vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85

(2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 7] is **GRANTED**, and Petitioner's Section 2255 Amended Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Former Counsel to Submit an Affidavit [Doc. 9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 4, 2014

Martin Reidinger
United States District Judge